## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LAWRENCE NWANKWO,

            *Plaintiff*,

    v.                                              No. 19-cv-414 (DLF)

WELLS FARGO BANK, N.A.,

            *Defendant*.

## <u>MEMORANDUM OPINION</u>

Lawrence Nwankwo, acting pro se, brings this lawsuit against Wells Fargo for damage to a home he previously owned. Before the Court is Wells Fargo's Motion for Summary Judgment, Dkt. 21. For the reasons that follow, the Court will grant Wells Fargo's motion.

## I.    BACKGROUND[1]

In June 2006, Nwankwo obtained a mortgage loan on his home, *see* Defs.' Stmt. of Undisputed Material Facts, Dkt. 21-5 ¶ 1, with Wells Fargo acting as the mortgage servicer. *Id.* ¶ 3. His home was insured by a company called Assurant. *See id.* ¶ 8; *id.* at 56 (Claim Information Letter from Assurant to Nwankwo). Because it was a lender-placed insurance policy, *id.* ¶ 8, Wells Fargo was the loss payee and thus listed as the insured party. *Id.* at 56. In 2017, Nwankwo's home was damaged by wind, and he filed a homeowners' insurance claim. *Id.* ¶ 6. An Assurant adjuster visited Nwankwo's home to inspect the damage. *Id.* ¶ 9. Assurant ultimately informed Nwankwo that the damage did not exceed his deductible amount. *Id.* ¶ 10. In January 2019, Nwankwo sold his home in a short sale after he got behind on mortgage

---

[1] Unless otherwise noted, the facts in this opinion are drawn from the uncontested facts in the defendant's Statement of Undisputed Material Facts, Dkt. 21-5.

payments.  *Id.* ¶¶ 4–5; 12–17.  After Wells Fargo explained the conditions of the sale to

Nwankwo, *id.* ¶¶ 14–15, the sale went through, and the pending foreclosure action on

Nwankwo's home was halted.  *See id.* ¶¶ 4–5; 12–17.

Also in January 2019, on the same day as the short sale, Nwankwo brought this suit in

D.C. Superior Court.  *See* Complaint, Dkt. 1-1 (Ex. A).  He filed a hand-written complaint which

alleged that "Wells Fargo as the insurer of my property . . . failed to compensate me for the

damages caused by bad weather."  *Id.* at 6.  Nwankwo requested judgment for "Four hundred

thousand dollars exactly."  *Id.*  Wells Fargo then removed the case to federal court.  *See* Notice

of Removal, Dkt. 1.  This Court has jurisdiction because there is complete diversity of

citizenship between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C.

§1332; Notice of Removal (Wells Fargo is a citizen of South Dakota while Nwankwo is a citizen

of D.C.); Complaint ($400,000 amount in controversy).

After discovery, Wells Fargo filed a motion for summary judgment.  *See* Def.'s Mot. for

Summ. J.  The Court then warned Nwankwo of the consequences of failing to respond to Wells

Fargo's arguments and factual assertions.  *See* Minute Order of July 16, 2020 (quoting *Neal v.

Kelly*, 963 F.2d 453 (D.C. Cir. 1992)).  Nwankwo missed the deadline to respond but ultimately

filed a "Motion for Jury Trial," Dkt. 24, which the Court will construe as a response to the

motion for summary judgment.  *See* Pl.'s Mot. for Jury Trial, Dkt. 24.  The motion for summary

judgment is ripe for the Court's review.

## II.    LEGAL STANDARD

Under Rule 56, summary judgment is appropriate if the moving party "shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48

(1986).  A "material" fact is one that could affect the outcome of the lawsuit.  *See id.* at 248; *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006).  A dispute is "genuine" if a reasonable jury could determine that the evidence warrants a verdict for the nonmoving party.  *See Anderson*, 477 U.S. at 248; *Holcomb*, 433 F.3d at 895.  In reviewing the record, the court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000).

It is well established, however, that "a plaintiff opposing summary judgment" must "substantiate [allegations] with evidence" that "a reasonable jury could credit in support of each essential element of her claims."  *Grimes v. District of Columbia*, 794 F.3d 83, 94 (D.C. Cir. 2015).  The moving party is entitled to summary judgment if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.   ANALYSIS

Construing Nwankwo's complaint liberally, as the Court must, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), he brings a breach of contract claim against Wells Fargo.  Although he does not specify a particular legal claim, he selected the category "Contracts" to describe this suit when he first brought it in state court.  Complaint at 4.

To prevail on a breach of contract claim in the District of Columbia, the plaintiff must establish four elements: "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by [the] breach."

*Bonfire, LLC v. Zacharia*, 251 F. Supp. 3d 47, 51 (D.D.C. 2017) (quoting *Logan v. LaSalle Bank Nat'l Ass'n*, 80 A.3d 1014, 1023 (D.C. 2013)).

Considering the record in the light most favorable to Nwankwo, he cannot establish the essential elements of this claim. Critically, Nwankwo has not established that he entered into a contract that obliges Wells Fargo to pay for his property damage. Nwankwo asserts that Wells Fargo was the insurer of his previous home, *see* Complaint at 6, but he provides no record evidence to support this assertion. On the contrary, the undisputed facts make clear that Wells Fargo was *not* the insurer of Nwankwo's home. *See* Def.'s Stmt. of Undisputed Material Facts ¶ 7. Rather, Assurant was the insurer of the home. *Id.* at 56 (Claim Information Letter from Assurant to Nwankwo). Thus, there is no basis to conclude that Wells Fargo had any contractual obligation to pay for Nwankwo's property damage. For that reason, he can satisfy neither the first element (a valid contract between the parties) nor the second (an obligation or duty arising out of the contract) of a breach of contract claim. *Bonfire*, 251 F. Supp. 3d at 51.

Even if Nwankwo could establish that Wells Fargo was the insurer of his home, or otherwise bore an obligation to insure him against property damage, he disclaimed all rights to insurance proceeds when he sold the property in question. The undisputed facts show that Nwankwo sold his home in a short sale. *Id.* ¶¶ 12–17. Wells Fargo informed Nwankwo that he must "waive any and all rights to any . . . insurance proceeds" to proceed with the short sale that would halt the pending foreclosure action. *Id.* ¶ 15. And Nwankwo accepted that condition by proceeding with the sale. *Id.* ¶¶ 14–17. So even assuming that a valid contract for insurance coverage existed between the parties, any "obligation or duty," *Bonfire*, 251 F. Supp. 3d at 51, would have been discharged. This provides an additional, independent reason that Nwankwo's claim cannot succeed as a matter of law.

Because Wells Fargo was not Nwankwo's insurer and owed him no contractual duty to cover property damage to his former home, and because, in any case, Nwankwo waived all rights to insurance proceeds by short selling his home, Nwankwo's claim fails as a matter of law and summary judgment is proper.

## CONCLUSION

For the foregoing reasons, Wells Fargo's motion for summary judgment is granted. A separate order consistent with this decision accompanies this memorandum opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

September 14, 2020